UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ANTHONY SHOCKLEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   No. 2:21-cv-00105-JPH-DLP |
| | ) |
| WARDEN, Wabash Valley Correctional Facility, | ) |
| | ) |
| Respondent. | ) |

**Order Denying Petition for a Writ of Habeas Corpus
and Directing Entry of Final Judgment**

Indiana prison inmate Anthony Shockley petitions for a writ of habeas corpus challenging a prison disciplinary sanction imposed in disciplinary case number WVE 19-10-0046.[1] For the reasons explained in this Order, Mr. Shockley's habeas petition must be **denied**.

### A.   Overview

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt.

---

[1] Mr. Shockley filed his petition for a writ of habeas corpus in the Northern District of Indiana on January 30, 2020, where it received case number 3:20-98-JD-MGG. Dkt. 1. The respondent filed his return in the Northern District on July 13, 2020. Dkt. 12. Mr. Shockley filed his reply in the same district on July 14, 2020. Dkt. 17. The Northern District transferred the case to this Court on February 19, 2021. Dkt. 18. The case was opened in this District on February 23, 2021. Dkt. 19.

*Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

## B. The Disciplinary Proceeding

On October 7, 2019, Indiana Department of Correction (IDOC) Correctional Officer Lieutenant S. Fischer wrote a Report of Conduct charging Mr. Shockley with battery, a violation of the IDOC's Adult Disciplinary Code offense B-212. The Report of Conduct states:

> On 10/07/19 at approx. 3:00 pm I, Lt. S. Fischer, was reviewing video footage of multiple physical altercations that occurred on 10/07/19 at approx. 6:27 am on the left unit of GHU. During the review, I identified Offender Shockley, Anthony #219688 G-211 exit his cell and proceed down the upper range toward the altercation. Offender Shockley can be seen engaging in the altercation by cell 201. He then leaves the area and begins throwing punches at various offenders by cells 206 and 207. The offender then leaves and goes back to cell 211.

Dkt. 12-1.

Mr. Shockley was notified of the charge on October 11, 2019, when he received the Screening Report. Dkt. 12-3. He pled not guilty to the charge, requested statements from three offender witnesses who would state that he did not throw any punches, and requested the video surveillance recording of the incident. *Id.*

On October 11, 2019, a signed statement from Offender Melvin Cal was obtained that states Mr. Shockley "was (not) a part of any physical alterc[a]tion!" Dkt. 12-8 (parenthesis in original). Offender Tyrell J. Beavers' statement asserted that "Offender Shockley did not engage in any physical violence whatsoever, he attempted to break up the fight like the rest of us." Dkt. 12-9. Offender Zohnpierre Perkins' statement was that "Shockley was trying to break the fight up, he never had nothing to do with the fight." Dkt. 12-10.

On October 24, 2019, the requested video was viewed by Correctional Officer L. Wadhwan. A report of the contents was made and provided to Mr. Shockley. The report states:

> 06:27:02am – time on video – Offender Shockley, Anthony 219688 exits GHU Left Wing Cell 211 and walks toward cell 201, where there is an altercation going on.
> 06:27:16am – Offender Shockley becomes involved in the altercation on the top range in front of cell 201
> 06:27:21am – Sgt Chambers sprays the MK9 at the group of offenders involved in the altercation
> 06:27:24am – Offender Shockley turns and runs back down the range toward his cell
> 06:27:27am – Offender Shockley stops in front of cell 206 and takes a fighting (Bladed) stance
> 06:27:29am – Offender Shockley takes a swing at an unknown offender
> 06:27:30am – Offender Shockley takes another swing at an unknown offender
> 06:27:31am – Offender Shockley kicks an unknown offender
> 06:27:41am – Offender Shockley turns and heads back to his cell as Sgt Chambers goes toward the altercation ready to spray the MK9
> 06:27:54am – Offender Shockley enters his cell

Dkt. 12-7.

A hearing was held on October 24, 2019. Mr. Shockley's statement was "I know for a fact that is not what happened." Dkt. 12-6. The disciplinary hearing officer (DHO) considered the staff reports, Mr. Shockley's statement, the witness statements, and the video evidence, and found Mr. Shockley guilty of the B-212 battery offense. *Id.* The DHO reported that he believed the conduct report to be true and accurate, and assessed sanctions that included the loss of earned credit time. *Id.*

Mr. Shockley appealed to the Facility Head and the IDOC Final Reviewing Authority. Dkts. 12-11 & 12-12. Both appeals were denied. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C.     Analysis**

Mr. Shockley presents three grounds for relief in his petition. First, he argues that he was denied a legible copy of the conduct report which hampered his ability to defend the charge. Dkt. 1 at 2. Second, he argues there was insufficient evidence to convict him of battery. *Id.* Third, he argues that he was denied an impartial decision maker at the hearing. *Id.* at 3.

### 1. Conduct Report

Mr. Shockley argues that he was denied a legible copy of the conduct report, and the failure to provide him a legible copy hampered his ability to defend the charge. Due process requires that an inmate be given advanced "written notice of the charges . . . in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff,* 418 U.S. at 564. "The notice should inform the inmate of the rule allegedly violated and summarize the facts underlying the charge." *Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003) (citations and quotation marks omitted); *see Whitford v. Boglino*, 63 F.3d 527, 534 (7th Cir. 1995) ("The notice should include the number of the rule violated . . . and a summary of the facts underlying the charge." (citations and quotation marks omitted)).

In support of his argument, Mr. Shockley cites to Exhibit A attached to his petition. Dkt. 1-1 at 1 (copy of conduct report). The respondent argues that Exhibit A is entirely legible and provides all of the notice required by due process. Dkt. 12 at 8-9. The respondent makes additional arguments about the sufficiency of the notice, but the Court does not need to address them. Exhibit A is legible, neatly printed in dark ink, and provides the disciplinary offense number and factual basis for the charge. Mr. Shockley's argument is wholly without merit because it lacks a factual basis.

Habeas corpus relief on Ground One of the petition is **denied**.

### 2. Sufficiency of the Evidence

Mr. Shockley argues there was insufficient evidence to support the charge of battery. He argues that for a battery to occur, a victim must be named and the battery documented with photographs. Dkt. 1 at 2. As with Ground One, Mr. Shockley's argument is without merit.

The IDOC Adult Disciplinary Process Appendix of Offenses defines the Class B offense of battery as: "[c]ommitting a battery upon another person." Dkt. 12-14 at 5. Elsewhere, the document defines battery as: "[k]nowingly or intentionally touching another person in a rude, insolent, or angry manner." Neither definition requires the naming of the victim, or photographs documenting the battery. Mr, Shockley does not cite to any authority for his argument that a victim must be named and photographs provided. His argument is without merit.

In a more general review of the sufficiency of the evidence, the disciplinary conviction must be upheld. This is because challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274; *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

In his reply, Mr. Shockley argues his version of the events, which is an implicit suggestion that the Court weigh his version against the respondent's version. However, in assessing whether there is *some* evidence, the Court may not re-weigh the evidence nor does it assess the credibility of any witnesses. *See Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) ("It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision."); *Hill*, 472 U.S. at 455 (noting that the "some evidence" standard "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the

evidence"). The Seventh Circuit has "characterized the 'some evidence' standard as a 'meager threshold.' . . . Once that threshold is crossed, we will not reverse." *Jones v. Cross*, 637 F.3d 841, 849 (7th Cir. 2011) (quoting *Scruggs*, 485 F.3d at 941).

Here, the conduct report provides *some* evidence to support the hearing officer's decision. Thus, the meager threshold of evidence sufficiency has been crossed. Habeas corpus relief on Mr. Shockley's second ground is **denied**.

### 3. Impartial Decisionmaker

Mr. Shockley's third argument, that he was denied the right to an impartial decisionmaker, does not actually challenge the impartiality or bias of the DHO. Dkt. 1 at 3. Rather, Mr. Shockley asserts that IDOC policy required a three-person panel, led by a chairman and two other members. *Id.*

The respondent asserts that the Court cannot address this claim because Mr. Shockley failed to exhaust his administrative remedies on the claim and it is barred by the doctrine of procedural default. Dkt. 12 at 12-14. In his reply, Mr. Shockley merely states that he pursued all administrative appeals before filing his petition. Dkt. 17 at 2. A review of Mr. Shockley's Facility Level appeal confirms that there is no argument or reference to a three-person panel or violation of any IDOC policy. Dkt. 12-11.

In Indiana, only the issues raised in a timely appeal to the Facility Head and then to the IDOC Final Reviewing Authority may be raised in a subsequent petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254(b)(1)(A); *Moffat,* 288 F.3d at 981; *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002). Mr. Shockley's assertion that he followed all administrative appeals before filing his petition is not a showing of cause and prejudice sufficient to excuse the procedural default.

Because Mr. Shockley's third ground for relief was not presented during the administrative appeals process, it is indeed procedurally defaulted and cannot be considered by the Court.

Habeas corpus relief on Mr. Shockley's third ground is **denied**.

### D.     Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Shockley to the relief he seeks. Accordingly, Mr. Shockley's petition for a writ of habeas corpus challenging prison discipline imposed in disciplinary case number WVE 19-10-0046 is **denied** and this action is **dismissed** with prejudice. Final judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 4/9/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Anthony Shockley
219688
Wabash Valley Correctional Facility - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Benjamin Myron Lane Jones
Indiana Attorney General
benjamin.jones@atg.in.gov